An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID L. MANN, ESQ.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM S. POTTER, DISTRICT
JUDGE,
Respondents,
and
KASSYA NESTOR,
Real Party in Interest.

No. 65265

FILED

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DENYING PETITION
### FOR WRIT OF MANDAMUS OR PROHIBITION

This is an emergency petition for a writ of mandamus or prohibition challenging a district court order in a family law action.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. NRS 34.320. This court has the discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 11526

(2004). Writ relief is generally available, however, only when there is no plain, speedy, and adequate remedy in the ordinary course of law, and the right to an appeal is generally an adequate legal remedy precluding writ relief. NRS 34.170; NRS 34.330; *Pan*, 120 Nev. at 224, 88 P.3d at 841.

Having considered the petition and appendix filed in this matter, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted and we therefore deny the petition. *Pan*, 120 Nev. at 224, 88 P.3d at 841; *Smith*, 107 Nev. at 677, 818 P.2d at 851; NRAP 21(b)(1). In particular, with regard to the unbundled counsel issue, the district court did not bar petitioner from utilizing unbundled counsel, but simply required that any requests for representation by unbundled counsel be made, in advance, through an ex parte motion. Nonetheless, our denial of this petition does not preclude petitioner, if aggrieved, from raising any of the issues addressed in this petition as part of an appeal from any final judgment entered below.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. William S. Potter, District Judge, Family Court Division
       Law Firm Express
       Kelleher & Kelleher, LLC
       Eighth District Court Clerk